UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA H.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. C22-1490-TLF

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's denial of Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned Magistrate Judge.

Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is **AFFIRMED**.

**I.   BACKGROUND**

Plaintiff filed an application for Supplemental Security Income (SSI) on October 16, 2020, alleging disability beginning January 1, 2014. AR 14. After the application was denied at the initial level and on reconsideration, Plaintiff requested a hearing before an

ORDER
PAGE - 1

Administrative Law Judge (ALJ). The ALJ held a hearing on August 12, 2021, and took testimony from Plaintiff, a vocational expert (VE), and a medical expert (ME). AR 31–75. Plaintiff's alleged onset date was modified to October 16, 2020. AR 56. On September 8, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 14–27. The Appeals Council denied Plaintiff's request for review on August 24, 2022, making the ALJ's decision the final decision of the Commissioner. AR 1–5; *see* 20 C.F.R. § 416.1481. Plaintiff appeals the denial of disability benefits to this Court.

## II.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of disability benefits if it is based on legal error or not supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

## III.     THE ALJ'S FINDINGS

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920. At steps one through three, the ALJ found Plaintiff has not engaged in substantial gainful activity since the application date, has one or more severe impairments, and does not have an impairment or combination of impairments that meet or equal the criteria of a listed impairment. AR 16–19.

At step four, the ALJ found Plaintiff has the residual functional capacity (RFC) to perform sedentary work, as defined in 20 C.F.R. § 416.967(a), with the following limitations:

> The claimant can sit for 6 hours and stand and/or walk 2 hours in an 8-hour workday. She can lift and carry 10 pounds occasionally and less than 10 pounds frequently. She can occasionally operate foot pedals with the right lower extremity.

> She can occasionally push and pull with the bilateral upper extremities. She can occasionally reach (defined as extending her arms out to almost straight) in all directions with the bilateral upper extremities. She can never climb ladders, ropes, or scaffolds, kneel, crawl, or balance, but can occasionally perform all other postural activities. She can frequently handle, finger, and feel. Lastly, she must avoid concentrated exposure to extreme cold, heat, vibrations, and hazards such as unprotected heights and work around dangerous moving machinery.

AR 19.

With that assessment, the ALJ found Plaintiff capable of performing past relevant work as a general office clerk. AR 24. Although the ALJ found Plaintiff not disabled at step four, the ALJ nevertheless proceeded to step five found Plaintiff also capable of performing other work that exists in significant numbers in the national economy. AR 25. The ALJ thus concluded Plaintiff has not been under a disability since the date the application was filed. AR 26.

## IV.   DISCUSSION

Plaintiff raises the following issues on appeal: (1) Whether the ALJ erred by assessing less restrictive reaching limitations than opined by the testifying ME, or, alternatively, whether the ALJ failed to fully and fairly develop the record by failing to clarify the ME's opinion regarding Plaintiff's reaching ability; (2) whether the ALJ failed to meet his burden at step five by relying on VE testimony that was inconsistent with the Dictionary of Occupational Titles (DOT); and (3) whether the ALJ erred at step four in determining Plaintiff's past relevant work and in finding Plaintiff capable of performing the past relevant work as a general office clerk. Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

ORDER
PAGE - 3

### 1. Medical Expert Testimony

The Medical Expert (ME), Dr. Stephen Kaplan, testified Plaintiff had inflammatory arthritis of undetermined etiology, considered Plaintiff's elbow impairment, and testified Plaintiff could occasionally reach. AR 60-63, 1476. The ALJ found the ME's opinion persuasive and limited Plaintiff to reaching occasionally in all directions with her bilateral extremities. AR 19, 23. In the RFC, the ALJ defined "reaching" as "extending her arms out to almost straight." AR 19. At the hearing, both the ALJ and Plaintiff's attorney clarified with the Vocational Expert (VE) that this type of reaching is different from hands resting on a keyboard or mouse with the elbows within a foot of the torso. AR 73–74.

Plaintiff argues the ALJ erred because the ALJ's definition of "reaching" is less restrictive than the ME's opinion. Dkt. 10, at 3–4. Plaintiff asserts the ME's assessment of Plaintiff's reaching ability was not limited to "'extending her arms almost straight' since most reaching activities involve the bending of one's elbows." Dkt. 17, at 4. Plaintiff cites no evidence or legal authority to support this argument, and nothing in the ME's testimony suggests that the ME intended to limit Plaintiff's ability to bend her elbows. Indeed, Plaintiff's argument is contrary to Social Security Ruling (SSR) 85-15, which defines "reaching" as "*extending* the hands and arms in any direction." SSR 85-15 (emphasis added); *see also Gutierrez v. Colvin,* 844 F.3d 804, 808 (9th Cir. 2016) (noting "'reaching' connotes the ability to extend one's hands and arms 'in any direction'" (quoting SSR 85-15)).

Therefore, the ALJ properly assessed RFC limitations that were entirely consistent with the ME's testimony and properly defined "reaching" consistent with SSR 85-15. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (the ALJ

properly incorporates medical findings by assessing limitation that are "entirely consistent" with a physician's limitations).

Plaintiff argues the ALJ improperly based the RFC on the VE's testimony, instead of on the medical evidence, because the ALJ defined "reaching" only after the VE testified at the hearing. Dkt. 17, at 3. The hearing testimony does not support Plaintiff's contention.

At the hearing, Plaintiff's attorney asked the VE whether "reaching" included sitting in front of a keyboard with the arms extended: "[I]s that not reaching and having your arms in one place in front of you?" AR 72–73. In response, the VE differentiated between "reaching that is way out in front of someone away from the body" and typing with elbows at the side with "handling and fingering and manipulatives [that] are no further than . . . the lower arm length away." AR 73. The VE then testified "the type of reaching that requires away from the body would only occur occasionally." AR 73.

Following this exchange, the ALJ inquired whether the VE understood the ALJ's "reaching" hypothetical to mean extending one's arms out almost straight -- as opposed to sitting at a keyboard or mouse with hands and elbows within a foot of the torso -- to which the VE confirmed her testimony contemplated the former. AR 74. The record shows the ALJ clarified the definition of "reaching" only after Plaintiff's *attorney* asked the VE whether the term extended to a situation such as sitting in front of a keyboard with the arms extended. *See* AR 72–73. Given that Plaintiff's attorney questioned the VE at the hearing regarding the scope of "reaching," the ALJ's decision to include a clarifying definition for "reaching" in the RFC was reasonable in this case.

Plaintiff next argues the ALJ failed to develop the record fully and fairly regarding the ME's assessment of Plaintiff's reaching ability. Dkt. 10, at 4–5. "An ALJ's duty to

ORDER
PAGE - 5

develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Here, the evidence was neither ambiguous nor inadequate to evaluate the ME's opinion or assess Plaintiff's ability to reach. Rather, as discussed above, the ALJ found the ME's opinion persuasive and assessed Plaintiff's RFC entirely consistent with the ME's testimony that Plaintiff could occasionally reach. AR 19, 23, 63. Additionally, both the ALJ and the VE properly understood "reaching" to mean extending the arms out to almost straight, which definition is consistent with agency's definition of "reaching" in SSR 85-15. *See* AR 73–74; SSR 85-15. Therefore, ALJ's duty to develop the record further was not triggered in this case.

**2. VE Testimony**

At the hearing, the VE testified Plaintiff could perform the requirements of her past relevant work (step four) as a general office clerk (DOT 219.362-010) as actually performed[1] and could also perform the requirements of other jobs (step five). AR 67–73. The VE acknowledged her testimony was not consistent with the DOT (AR 70), which describes the identified jobs as requiring frequent reaching as opposed to occasional reaching.

Plaintiff argues the ALJ failed to obtain a reasonable explanation for the VE's departure from the DOT. Dkt. 10, at 6. Social Security regulations require the ALJ to inquire whether the VE's testimony is consistent with the DOT and to obtain a reasonable explanation for any apparent conflict. SSR 00-4p; *see also Massachi v. Astrue*, 486 F.3d

---

[1] Plaintiff testified she performed her past work as a general office clerk as sedentary, although the DOT describes the job as light. AR 43–44, 67.

ORDER
PAGE - 6

1149, 11452–53 (9th Cir. 2007). Here, the VE testified she "chose jobs that did not or [she] did not expect to have reaching overhead or reaching bilaterally greater than occasional" based on her professional knowledge and experience. AR 70.

The VE explained further that the identified jobs "are kind of office oriented, everything is right there so there's really no reaching away from the body as you would expect there to be . . . based on the DOT." AR 70. The VE thus adequately explained why her testimony conflicted with the DOT, and the ALJ properly relied on the VE's testimony when identifying jobs Plaintiff could perform at step five. *See Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th Cir. 2022) (quoting SSR 00-4p) ("Due to their specialized knowledge, the SSA recognizes VEs as 'reliable sources of occupational information in the evaluation of disability claims.'").

Plaintiff argues the VE's explanation regarding the conflict between her testimony and the DOT is unreasonable because the VE, like the ALJ, unreasonably understood "reaching" to mean extending the arms completely straight. Dkt. 10, at 7.

First, as discussed above, the definition of "reaching" contemplated by the VE and the ALJ is reasonable and consistent with SSR 85-15. *See supra* Section 1. Second, Plaintiff identifies no evidence or medical opinion indicating Plaintiff is unable to perform work activities that involve less-than-straight arm extension. To the contrary, Plaintiff specifically testified she is unable to extend her elbows *straight* due to her impairments: "Well, I have spurs in both my elbows *where I can't extend them like straight*. So I have like limited movement in my elbows so it's hard for me to put them above my head, like extend them in front of me . . . ." AR 50 (emphasis added); *see also* AR 248 (alleging inability to bend her elbows up and down and lift elbows over shoulders).

ORDER
PAGE - 7

Finally, to the extent that Plaintiff alleged limited movement in her elbows, the RFC adequately accounts for Plaintiff's impairment by limiting Plaintiff's to occasional reaching. *See Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."); *see also* SSR 96-8p ("RFC represents the most that an individual can do despite his or her limitations or restrictions"). Therefore, even if the VE or the ALJ misinterpreted the scope of "reaching," any error would be harmless because the RFC adequately accounts for the functional limitations supported by the record in this case. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (an RFC must include all the claimant's functional limitations supported by the record); *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination").

### 3. Past Relevant Work

Plaintiff argues the ALJ erred by finding Plaintiff's work as a general office clerk constituted past relevant work at step four. Dkt. 10, at 8–9. Even if the ALJ erred when identifying Plaintiff's past relevant work at step four, this error would be harmless because the ALJ nevertheless proceeded to step five and found that other work exists in significant numbers in the national economy that Plaintiff is able to perform. AR 24–26; *see* 20 C.F.R. § 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."). Here, although the ALJ was not required to proceed to step five, the ALJ found Plaintiff capable of performing the requirements of a food and beverage clerk, document preparer, and addressing clerk. AR 26. As discussed above, the ALJ reasonably relied on the VE testimony when making

the step five determination. Therefore, any error at step four would be harmless because the ALJ properly found Plaintiff not disabled at step five.

Plaintiff also argues the ALJ erred by finding Plaintiff capable of performing past relevant work as a general office clerk because, like the jobs identified at step five, the job of a general office clerk requires frequent reaching. Dkt. 10, at 9–11. As discussed above, the VE reasonably explained that, although the DOT describes the jobs identified at steps four and five as requiring frequent reaching, it was her professional opinion the identified jobs required no more than occasional reaching. *See* AR 68–70 (noting that she "chose jobs that did not or [she] did not expect to have reaching overhead or reaching bilaterally greater than occasional" and that "there's really no reaching away from the body as you would expect there to be . . . based on the DOT").

Therefore, the ALJ properly resolved the conflict between the VE's testimony and the DOT and properly relied on the VE testimony when finding Plaintiff capable of performing the requirements of a general office clerk. *See Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020) ("Given its inherent reliability, a qualified vocational expert's testimony as to the number of jobs existing in the national economy that a claimant can perform is ordinarily sufficient by itself to support an ALJ's step-five finding.").

## V. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **AFFIRMED**.

DATED this 31st day of July, 2023.

Theresa L. Fricke
United States Magistrate Judge